UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00344-HDV-AS | Date | February 5, 2026 |
|---|---|---|---|
| Title | *Abd Eid Younan Matta v. Kristi Noem, et al.* | | |

Present: The Honorable    Hernán D. Vera, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(IN CHAMBERS) ORDER GRANTING PRELIMINARY INJUNCTION [5]**

Before the Court is Petitioner Abd Eid Younan Matta's *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction ("TRO Application") [Dkt. 5]. Petitioner's TRO Application asks this Court to, *inter alia*: (1) order Respondents to immediately release Petitioner from detention, and return his property, (2) enjoin Respondents from re-detaining him unless he receives process as required under 8 C.F.R. §§ 241.4(l)(1), 241.13(i)(3) and the Due Process Clause and until they have obtained a travel document for his removal, and (3) enjoin Respondents from removing Petitioner to a third country without certain procedures. *Id.*

On January 28, 2026, based on its initial findings of a probability of success on the merits and numerous forms of irreparable harm, this Court immediately issued emergency relief maintaining the status quo and setting a schedule for an opposition, reply, and a hearing on a preliminary injunction. [Dkt. 6]. On February 4, the government filed a "Response" which states, in full:

> On January 28, 2026, Petitioner filed an ex parte application for a temporary restraining order (the "Application") seeking an order requiring Respondents to release him from immigration detention. *See* Dkt. 5. At this time, Respondents do not have an opposition argument that they are able to present.

Federal Respondents' Response to TRO Application ("Response") [Dkt. 9].

Given the government's concession, and the Court's own independent findings concerning the merits of Petitioner's requests,[1] the Court grants Petitioner's TRO Application and issues the following preliminary injunction:

1. Respondents are ordered to immediately release Petitioner from detention.

2. Respondents are ordered to return to Petitioner all property confiscated from him during his arrest and processing into detention, including but not limited to any

---

[1] The Court can grant the preliminary injunction solely on the basis of the government's failure to oppose it. *See* C.D. Cal. L.R. 7-12. But the Court is also satisfied that the standard for issuing a preliminary injunction is met here. To be entitled to a preliminary injunction, the movant must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm absent the preliminary injunction, (3) the balance of equities tips in his favor, and (4) a preliminary injunction is in the public interest. *Winter v. Nat. Ress. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Petitioner was ordered removed (to Egypt), but his removal to Egypt was withheld in May 2025. Declaration of Abd Eid Younan Matta ("Matta Decl.") [Dkt. 5-2] ¶ 3; Order of the Immigration Judge [Dkt. 5-4]. In July 2025, he was detained at an ICE check-in. Matta Decl. ¶¶ 6–7. In the over six months since, ICE has mentioned deporting him to Egypt and to a third country (though it has not identified any particular third country). *Id.* ¶ 8; Declaration of Benjamin James Wood ("Wood Decl.") ¶ 4 [Dkt. 5-6]; [Dkt. 5-7] (emails from ICE regarding third country removal of Petitioner). In *Zadvydas v. Davis*, the Supreme Court held that a noncitizen may be detained only for a period "reasonably necessary" to bring about their removal from the United States—presumptively six months. 533 U.S. 678, 689, 701 (2001). After that point, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must either rebut that showing or release them. *Id.* at 701. Petitioner has now been detained more than six months, and has provided good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future, as the government cannot remove him to Egypt and has not identified any other third country for his removal. And the government has not even attempted to rebut this showing. *See* Response. Petitioner has thus demonstrated a likelihood of success on the merits.

The other three factors also weigh in favor of a preliminary injunction. "[U]nlawful detention certainly constitutes 'extreme or very serious'" injury which "is not compensable in damages." *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017). "[I]mmigration detention" imposes additional "irreparable harms," including the "subpar medical and psychiatric care in ICE detention facilities." *Id.* at 995. Petitioner suffers from Vogt-Koyanagi-Harda Syndrome, a rare "multisystem" autoimmune disease that causes severe damage and inflammation throughout a person's body, which is worsening in detention. Matta Decl. ¶¶ 9–11, 13; [Dkt. 5-9] (Matta's medical records). And "it is always in the public interest to prevent the violation of a party's constitutional rights." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (citation omitted).

    personal identification, employment authorization document, medical insurance card, money, and documents he received upon entry and release into the United States.

3. Respondents are enjoined and restrained from re-detaining Petitioner unless he receives due process as required under 8 C.F.R. §§ 241.4(l)(1), 241.13(i)(3) and the Due Process Clause of the Fifth Amendment.

4. Respondents are enjoined and restrained from re-detaining Petitioner under 8 U.S.C. § 1231(a)(6) and 8 C.F.R. §§ 241.4, 241.13 unless and until they have obtained a travel document for his removal.

5. Respondents are enjoined and restrained from removing Petitioner to a third country unless Respondents adhere to the following procedures:

    a. provide Petitioner and his counsel a minimum of ten (10) days to raise a fear-based claim for protection prior to removal;

    b. if Petitioner does assert a fear-based claim for relief from removal, Respondents must provide Petitioner a meaningful opportunity to be heard on his fear-based claim before an immigration judge in compliance with due process.[2]

The hearing set for **February 11, 2026** is **vacated** as moot. The parties are ordered to file, within ten days of this Order, a joint report regarding the status of compliance with these mandates.

**IT IS SO ORDERED.**

---

[2] Rule 65(c) requires that, prior to granting injunctive relief, the Court require a movant to pay security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "Despite the seemingly mandatory language, Rule 65(c) invests the district court with discretion as to the amount of security required, if any." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (citation omitted). Accordingly, the Court waives the bond requirement here, as it is unlikely that the government will incur any significant cost and requiring a bond "would have a negative impact on plaintiff's constitutional rights, as well as the constitutional rights of other members of the public." *Baca v. Moreno Valley Unified Sch. Dist.*, 936 F. Supp. 719, 738 (C.D. Cal. 1996) (citation omitted).